# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL, | CASE NO. 1:09-cv-00515-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION, AND REQUIRING PLAINTIFF TO COMPLY WITH SCREENING ORDER WITHIN THIRTY DAYS |
| v. | |
| RENNICK, et al., | (Doc. 9) |
| Defendants. | |

Plaintiff Corey Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2009. On December 13, 2010, the Court screened Plaintiff's complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable in the order. On December 27, 2010, Plaintiff filed a notice stating that he was willing to proceed on the claims found to be cognizable, but requesting partial reconsideration in the form of recognition that the losses of his cell and prison job give rise to an additional retaliation claim.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion

In his complaint, Plaintiff described a serious of adverse actions taken against him by Defendants Bott, Palmer, and Williams after he filed an inmate appeal and a citizen's complaint against Defendant Rennick for moving him to a different cell in a new building, which caused him to lose his job in addition to his cell. The Court found that those adverse actions form the basis of a viable retaliation claim against Defendants Bott, Palmer, and Williams. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

While Plaintiff agrees with the Court that the losses of his cell and job do not give rise to a due process claim, he argues that they give rise to a retaliation claim. The losses of Plaintiff's cell and job, although adverse, are not linked to Plaintiff's exercise of a protected First Amendment right and therefore do not state a claim for retaliation. Brodheim, 584 F.3d at 1271; Rhodes, 408 F.3d 559 at 567-68. According to Plaintiff's allegations, Defendant Rennick orchestrated the removal of Plaintiff from his cell because Rennick wanted to house an informant in the cell. That alleged motive does not support a viable First Amendment retaliation claim.

Accordingly, Plaintiff's motion for partial reconsideration, filed December 27, 2010, is HEREBY DENIED. In light of this order, Plaintiff has **thirty (30) days** from the date of service of this order to comply with the screening order filed on December 13, 2010.[1]

IT IS SO ORDERED.

**Dated:   January 5, 2011**                      /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] In his notice, Plaintiff states that he has no objection to the dismissal of his non-cognizable claims "at this time." (Doc. 9, p. 2.) If Plaintiff opts not to amend, his claims will be dismissed from this action for failure to state a claim, with prejudice as is deemed appropriate by the Court. The notice of willingness to proceed only on the claims found to be cognizable does not have the effect of simply deferring amendment until a later time. It is an acknowledgment that the claims are deficient and Plaintiff either cannot cure the deficiencies or chooses not to cure the deficiencies.