IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL, | 1:09-cv-00515-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO RELEASE HIS PROPERTY AND GRANTING MOTION FOR EXTENSION OF TIME TO SUBMIT COMPLETED SERVICE DOCUMENTS AND COMPLAINT COPIES |
| vs. | |
| RENNICK, et al., | |
| Defendants. | |
| | (Motion#20) |
| | 60-DAY DEADLINE |
| _____/ | |

Plaintiff Corey Mitchell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2009. On April 18, 2011, Plaintiff filed a motion seeking an extension of time to submit the service documents and copies of his complaint in compliance with the Court's order of March 18, 2011. Plaintiff also seeks an order directing prison officials at Salinas Valley State Prison (SVSP) to release his property. Plaintiff was recently transferred from SVSP to Kern Valley State Prison and he does not yet have possession of his allowable property due to an officer's mistake.

The Court lacks jurisdiction over prison officials at SVSP and is unable to issue the order sought by Plaintiff. See e.g., Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (the plaintiff bears the burden of establishing standing for each form of relief he seeks in federal court); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct.

1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Additionally, in the Court's experience, some disruption with property access occurs following a transfer between prisons, and absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 ( 2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons). Therefore, Plaintiff's motion for an order directing the release of his property must be denied, but the Court will grant Plaintiff a sixty-day extension of time to comply with its order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order directing prison officials to release his property is DENIED; and

2. Plaintiff's motion for a sixty-day extension of time to submit service documents and complaint copies is GRANTED.

IT IS SO ORDERED.

Dated:   April 20, 2011            /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE